RODNEY E. GOULD, State Bar. No. 238877
RUBIN, HAY & GOULD, P.C.
205 Newbury Street, P.O. Box 786
Framingham, Massachusetts 01701
Telephone:     (508)-875-5222
Facsimile:     (508)-879-6803
rgould@rhglaw.com

Attorneys for Plaintiff
BACKROADS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKROADS,<br>a California corporation,<br><br>              Plaintiff,<br><br>v.<br><br>BACK ROADS TOURING CO.<br>LIMITED, a United Kingdom limited<br>company<br><br>              Defendant.<br>_____ | **Case No. 15-3890**<br><br>**COMPLAINT FOR:**<br><br>**(1) Federal Trademark Infringement under<br>     15 U.S.C. §§ 1114-18;**<br>**(2) False Designation of Origin under<br>     15 U.S.C. § 1125(a);**<br>**(3) Federal Trademark Dilution under<br>     15 U.S.C. § 1125(a); and**<br>**(4) Unfair Competition and False Advertising<br>     under Cal. Bus. & Prof. Code §§ 17200 and<br>     17500, et seq.** |

Plaintiff BACKROADS complains and alleges against BACK ROADS TOURING CO.

LIMITED as follows:

## PARTIES

1.      Plaintiff Backroads ("Plaintiff" or "Backroads") is a corporation organized

under the laws of the State of California, with its principal place of business at 801 Cedar

Street, Berkeley, California 94710.

2.      On information and belief, Defendant Back Roads Touring Co. Limited

("Defendant" or "Back Roads Touring") is a limited company organized under the laws of the United Kingdom, with its headquarters and principle place of business located at 107 Power Road, London, W4 5PY, United Kingdom.

## JURISDICTION AND VENUE

3.     This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under the common law of the State of California, arising from the use by Defendant of the mark BACK-ROADS TOURING, in violation of Plaintiff's rights in the marks BACKROADS ®, BACKROADS BEST CLUB BACKROADS EXTRA SPECIAL TRAVELERS ®, and BACKROADS The World's #1 ACTIVE TRAVEL COMPANY ® (referred to collectively as "the Mark").

4.     This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.  The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5.     The amount in controversy between the parties exceeds $75,000.

6.     Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because Defendant has extensive contacts with, and conducts business within, the State of California and this judicial district; Defendant has caused its services to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise in part out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district.

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendant has extensive contacts with, and conducts business within, the State of

California and this judicial district; Defendant has caused its services to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise in part out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district.

### FACTUAL BACKGROUND

8.      Plaintiff is a tour operator in the business of providing bicycle, hiking, multisport and similar vacation and tour trips throughout the world.  Since 1979, it has used the trademark "Backroads" to identify and distinguish its services from those of others and to indicate the source of its services.

9.      On January 18, 2005, the United States Patent & Trademark Office ("PTO") issued to Plaintiff U.S Trademark Registration No. 2,919,546 for the mark BACKROADS in connection with "organizing and arranging tours" and "organizing and arranging vacations, namely, making reservations and bookings for temporary lodging."  A true and correct copy of this registration is attached as Exhibit A.

10.     The BACKROADS registration is in full force and effect on the PTO's Principle Register, and gives rise to presumptions in favor of Plaintiff with respect to the validity, ownership and exclusive rights to use the BACKROADS mark throughout the United States.

11.     In 2011, Plaintiff filed and the PTO accepted and acknowledged Plaintiff's Combined Declaration of Use and Incontestability under Sections 8 & 15 for the BACKROADS mark.

12.     Plaintiff has been organizing and arranging tours and vacations under the BACKROADS mark (Reg. No. 2,919,546) continuously since 1992.

13.     On April 4, 2000, the PTO issued to Plaintiff U.S. Trademark Registration No. 2,337,223 for the mark BACKROADS BEST CLUB BACKROADS EXTRA SPECIAL TRAVELERS, with accompanying design, in connection with "arranging and organizing international bicycling, walking, cross-country skiing and multisport vacations." A true and correct copy of this registration is attached as Exhibit B.

14.     The BACKROADS BEST CLUB BACKROADS EXTRA SPECIAL TRAVELERS registration is in full force and effect on the PTO's Principle Register, and gives rise to presumptions in favor of Plaintiff with respect to the validity, ownership and exclusive rights to use the BACKROADS BEST CLUB BACKROADS EXTRA SPECIAL TRAVELERS mark throughout the United States.

15.     In 2006, Plaintiff filed and the PTO accepted and acknowledged Plaintiff's Combined Declaration of Use and Incontestability under Sections 8 & 15 for the mark BACKROADS BEST CLUB BACKROADS EXTRA SPECIAL TRAVELERS mark.

16.     Plaintiff has been organizing and arranging tours and vacations under the BACKROADS BEST CLUB BACKROADS EXTRA SPECIAL TRAVELERS mark with accompanying design (Reg. No. 2,337,223) continuously since 1998.

17.     On September 10, 2013, the PTO issued to Plaintiff U.S. Trademark Registration No. 4,399,174 for the mark BACKROADS THE WORLD'S #1 ACTIVE TRAVEL COMPANY, in connection with "organizing, arranging and conducting travel tours and vacations." A true and correct copy of this registration is attached as Exhibit C.

18.     The BACKROADS THE WORLD'S #1 ACTIVE TRAVEL COMPANY registration is in full force and effect on the PTO's Principle Register, and gives rise to presumptions in favor of Plaintiff with respect to the validity, ownership and exclusive

rights to use the BACKROADS THE WORLD'S #1 ACTIVE TRAVEL COMPANY mark throughout the United States.

19.    Plaintiff has been organizing and arranging tours and vacations under the BACKROADS THE WORLD'S #1 ACTIVE TRAVEL COMPANY mark (Reg. No. 4,399,174) continuously since 2006.

20.    Plaintiff has invested a significant amount of time and money into advertising and developing the Mark over the course of many years.

21.    Plaintiff has spent considerable sums of money in establishing the reputation of the Mark as an indicator to customers of the source of Plaintiff's high-quality services and products.

22.    In addition to its own advertising efforts, Plaintiff has been the subject of many unsolicited stories in national publications such as The Wall Street Journal, Chicago Tribune, Los Angeles Times, USA Today, The Boston Globe, San Francisco Chronicle, Forbes, Outside Magazine, Travel Weekly, Travel + Leisure, Men's Journal, Shape Magazine, AARP Magazine, FoxNews.com, Yahoo! Travel, and CNN Travel highlighting the quality and popularity of Plaintiff's vacation and travel tour services.  Plaintiff has also received numerous awards and recognitions, including being named "One of the 6 Best Cycling Tours in Europe" (Outside Magazine, April 2015), one of the "Best Adventure Travel Destinations" (Travel + Leisure, May 2014), one of the "Best Bike Destinations" (Outside Magazine, March 2014), and one of the "10 Best New Adventure Travel Trips" (Yahoo! Travel, February 2014).

23.    For many years prior to the acts complained of herein, those in the tour and vacation planning industry, as well as consumers throughout the United States, and the public in general, have come to recognize that the Mark identifies a single particular source, which is

Plaintiff, and that the Mark designates services and products originating with Plaintiff.

24.     As a result of the extensive advertising and promotional efforts relating to Plaintiff's vacation organizing and planning and its associated merchandise, the Mark has come to be a service mark that is widely recognized by the general public at large.

## GENERAL ALLEGATIONS

25.     Upon information and belief, Defendant is in the business of organizing and arranging vacation tours primarily in the United Kingdom and Europe.

26.     Defendant has a website with an address of www.backroadstouring.com.  On that website, Defendant offers for sale to the public tours of the United Kingdom and Europe.  A true and accurate copy of materials printed from Defendant's website is attached hereto as Exhibit D.

27.     Defendant is using the name and trademark BACK-ROADS TOURING to solicit and sell to United States' consumers, including consumers in California, the same types of services sold by Plaintiff, namely vacation tours.

28.     Defendant is knowingly and intentionally using the infringing BACK-ROADS TOURING mark in an effort to confuse the public into believing that the services being offered by Defendant under the BACK-ROADS TOURING mark are the same as those offered by Plaintiff, or are actually Plaintiff's services.

29.     Defendant is on constructive notice of the existence of Plaintiff's rights to the Mark by reason of the existence of Plaintiff's federal registrations.

30.     Defendant began using the BACK-ROADS TOURING mark in the United States, including California, with full knowledge of Plaintiff's ownership of the Mark, and with the intention of trading upon the extensive goodwill in the Mark established by Plaintiff

therein.

31. Plaintiff sent a demand letter to Defendant on May 21, 2015 informing it of Plaintiff's valuable trademark rights and demanding that Defendant cease all use of the Mark in the United States.

32. As of the date of this Complaint, Defendant continues to use the BACK-ROADS TOURING mark in the United States, including California, without Plaintiff's permission and with full knowledge of Plaintiff's ownership of the Mark.

33. Upon information and belief, and as evidenced by materials distributed by Defendant to consumers in the United States, including consumers in California, Defendant is using the mark BACK-ROADS TOURING to promote confusion with Plaintiff's Mark, all inuring to Defendant's unearned benefit and to the detriment of Plaintiff.

34. Upon information and belief, Defendant employs a Vice President of North America whose job responsibilities include aggressively marketing Defendant's services to United States consumers, including consumers in California.

35. Defendant's use of the BACK-ROADS TOURING mark to solicit customers in the United States is likely to cause confusion, mistake or deception as to the source or origin of Defendant's products and services, in that the public is likely to believe that Defendant's services and products are provided by, sponsored by, approved by, licensed by, affiliated with, or in some way legitimately connected with Plaintiff, or indeed are Plaintiff's goods or services, all to Plaintiff's irreparable harm, and this use infringes upon the intellectual property rights of Plaintiff.

36. The Mark and the BACK-ROADS TOURING mark are virtually identical and convey substantially the same commercial impression.

37.     The types of services offered under the Mark are identical to those offered under the BACK-ROADS TOURING mark, and there is a real and immediate danger that consumers will mistakenly believe that Defendant's services are associated with Plaintiff's services, solely because of the name used by Defendant.

38.     Upon information and belief, Defendant adopted the BACK-ROADS TOURING mark in a deliberate effort to confuse consumers and trade on the name, goodwill and reputation of Plaintiff.

39.     Upon information and belief, Defendant's use of the mark BACK-ROADS TOURING has caused actual confusion, both to consumers and to vendors.

40.     Because of the likelihood of confusion as to the source of Defendant's products or services due to its use of the BACK-ROADS TOURING mark in the United States, Plaintiff's good will in its own Mark has been damaged.

41.     Upon information and belief, Defendant's infringing and violative conduct was undertaken intentionally, willfully and with wanton disregard of Plaintiff's rights in the Mark.

42.     By using a confusingly similar name and trademark, Defendant is subjecting the reputation and goodwill of Plaintiff's Mark to irreparable injury and harm.

43.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered irreparable harm.  Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm and Defendant shall be unjustly enriched unless enjoined by this Court.

## COUNT I

## Federal Trademark Infringement under 15 U.S.C. §§ 1114-18

44.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 43.

45.     Defendant is using the BACK-ROADS TOURING mark in connection with the sale, offering for sale, distribution or advertising of services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods or services, in violation of 15 U.S.C. § 1114.

46.     The actions of Defendant, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with its Mark, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

47.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant, and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### COUNT II

### False Designation of Origin Under 15 U. S. C. § 1125(a)

48.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 47.

49.     Defendant is using the BACK-ROADS TOURING mark in connection with the sale, offering for sale, distribution or advertising of services in a manner likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's

goods, services, or commercial activities by Plaintiff, all in violation of 15 U.S.C. § 1125(a).

50.     The actions of Defendant, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with its Mark, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

51.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant, and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III

### Federal Trademark Dilution under 15 U.S.C. § 1125(c)

52.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 51.

53.     Plaintiff's Mark is widely recognized by the general consuming public of the United States as a designation of source of goods or services of Plaintiff.

54.     The actions of Defendant described above and specifically, without limitation, its unauthorized use Plaintiff's Mark and/or a confusingly similar variation thereof, in commerce to advertise, market, and sell Defendant's services throughout the United States including California, are likely to cause dilution by blurring in violation of 15 U.S.C. § 1125(c).

55.     The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered

and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with Plaintiff's Mark, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. 1125(c).

56.     On information and belief, the actions of Defendant described above were and continue to be deliberate and willful.  Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant, and the costs of this action pursuant to 15 U.S.C. § 1117.

## COUNT IV

### Statutory Unfair Competition and False Advertising Arising Under California Business and Professions Code §§ 17200 and 17500 et seq.

57.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 56.

58.     Plaintiff and Defendant are engaged in trade or commerce in California.

59.     Defendant's use of the BACK-ROADS TOURING mark constitutes unlawful appropriation of Plaintiff's exclusive rights in the Mark, and such unauthorized use has caused and will continue to cause damage and irreparable injury to Plaintiff.

60.     On information and belief, Defendant is attempting to pass off its services as if they are Plaintiff's services in a manner calculated to deceive members of the general public; in that, Defendant has utilized the BACK-ROADS TOURING mark in connection with the sale and offering for sale of Defendant's vacation planning and organizing services in an effort to make Defendant's services appear to be that of Plaintiff or associated, licensed or otherwise affiliated with Plaintiff in some way.

61.     The natural, probable and foreseeable consequence of Defendant's wrongful

conduct has been, and will continue to be, to deprive Plaintiff of the exclusive rights in and to its intellectual property.

62.    Plaintiff is informed and believes, and on that basis alleges, that Plaintiff has lost and will continue to lose the exclusive right to derive substantial revenue from the sale of services associated with the Mark.

63.    Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from Plaintiff's intellectual property in the United States.  As a direct and proximate result of the acts of Defendant alleged above, Plaintiff has suffered irreparable damage.  Plaintiff has no adequate remedy at law to address all of the injuries that Defendant has caused and intends to cause by its conduct.  Plaintiff will continue to suffer irreparable damage and Defendant shall be unjustly enriched by the actions alleged above unless enjoined by this Court.

64.    Defendant has engaged in deceptive acts and/or fraudulent conduct contrary to honest practices in industrial and commercial matters.  Defendant's conduct was immoral, unethical, oppressive, or unscrupulous, and/or substantially injurious to Plaintiff.

65.    By these actions, Defendant has engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500  *et seq*., and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation and goodwill.

66.    As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

## <u>PRAYER AS TO ALL COUNTS</u>

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

A.      That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 *et seq.* and California Business and Professions Code §§ 17200 and 17500 *et seq.*; specifically, that Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

1.      Using Plaintiff's mark, or any mark confusingly similar to Plaintiff's Mark, in connection with the marketing, promotion, or sale of Defendant's vacation and tour services to consumers in the United States, including, without limitation:

a.      Sending unsolicited catalogs, brochures, flyers or other hard copy marketing materials to United States consumers.

b.      Engaging in email blast campaigns to United States consumers.

c.      Using online advertising targeting services, such as those available through Google AdWords, whereby Defendant directs that its online advertisements appear to consumers in the United States;

d.      Using any other online geotargeting service whereby Defendant directs that its website or online advertisements appear to consumers in the United States;

e.      Sending press releases concerning Defendant's services to US-based print and online media sources/outlets, or to foreign-based print and online media sources/outlets which target US consumers;

f.      Using a US toll-free number;

g.      Listing the cost of Defendant's tours in US Dollars in its online and print advertising materials.

2.      Making or inducing others to use Plaintiff's mark, or any mark confusingly similar to Plaintiff's Mark, in connection with the marketing, promotion, or sale of Defendant's vacation and tour services to consumers in the United States, as described above or otherwise;

3.      Performing any actions or using any words, names, styles, titles, or marks, which are likely to cause confusion, to cause mistake or to deceive; or to otherwise mislead the trade or public into believing that Plaintiff and Defendant are one and the same or are in some way connected; or that Plaintiff is a sponsor of Defendant; or that Defendant is in some manner affiliated or associated with or under supervision or control of Plaintiff; or that goods or services of Defendant originate with Plaintiff or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff; or are likely to in any way lead the trade or public to associate Defendant with Plaintiff;

4.      Making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, display, sale, or offering for sale of Defendant's services;

B.      That Defendant files, within thirty (30) days from entry of an injunction, a declaration with this Court signed under the penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction.

C.      That Defendant be adjudged to have violated 15 U.S.C. §§ 1114, 1125(a) and 1125(c);

D.    That Defendant be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

E.    That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendant's actions;

F.    That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

G.    That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

H.    That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendant's unfair competition and false advertising under California Business and Professions Code §§ 17200 and 17500 *et seq.*;

I.    That Plaintiff be granted prejudgment and post judgment interest;

J.    That Plaintiff be granted costs associated with the prosecution of this action; and

K.    That Plaintiff be granted such further relief as the Court may deem just.


## JURY DEMAND

Plaintiff demands a jury on all issues so triable.


Dated:  August 25, 2015                    RUBIN, HAY & GOULD, P.C.


By:   /s/ Rodney E. Gould
Rodney E. Gould, S.B.M. 238877
205 Newbury Street
P.O. Box 786
Framingham, Massachusetts 01701

Telephone:      (508)-875-5222
Facsimile:      (508)-879-6803

Attorneys for Plaintiff
BACKROADS

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# BACKROADS

**Reg. No. 2,919,546**
**Registered Jan. 18, 2005**
**Amended July 28, 2015**

**Int. Cls.: 39 and 43**

**SERVICE MARK**

**PRINCIPAL REGISTER**

BACKROADS (CALIFORNIA CORPORATION)
801 CEDAR ST.
BERKELEY, CA 947101800

FOR: ORGANIZING AND ARRANGING TOURS, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 7-30-1992; IN COMMERCE 9-1-1992.

FOR: ORGANIZING AND ARRANGING VACATIONS, NAMELY, MAKING RESERVATIONS AND BOOKING FOR TEMPORARY LODGING, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 7-30-1992; IN COMMERCE 9-30-1992.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 76-504,183, FILED 3-3-2003.



Director of the United States
Patent and Trademark Office

# EXHIBIT B

Int. Cl.: 39

Prior U.S. Cls.: 100 and 105

**United States Patent and Trademark Office**

Reg. No. 2,337,223

Registered Apr. 4, 2000

## SERVICE MARK
### PRINCIPAL REGISTER



BACKROADS (CALIFORNIA CORPORATION)
801 CEDAR ST.
BERKELEY, CA 947101800

FOR: ARRANGING AND ORGANIZING INTERNATIONAL BICYCLING, WALKING, CROSS-COUNTRY SKIING AND MULTISPORT VACATIONS, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 2-0-1998; IN COMMERCE 2-0-1998.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEST CLUB EXTRA SPECIAL", APART FROM THE MARK AS SHOWN.

SER. NO. 75–449,620, FILED 3–13–1998.

DARLENE BULLOCK, EXAMINING ATTORNEY

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office

# BACKROADS THE WORLD'S #1 ACTIVE TRAVEL COMPANY

**Reg. No. 4,399,174**

**Registered Sep. 10, 2013**

BACKROADS (CALIFORNIA CORPORATION)
801 CEDAR STREET
BERKELEY, CA 94710

**Int. Cl.: 39**

FOR: ORGANIZING, ARRANGING AND CONDUCTING TRAVEL TOURS AND VACATIONS, IN CLASS 39 (U.S. CLS. 100 AND 105).

**SERVICE MARK**

FIRST USE 12-18-2006; IN COMMERCE 12-18-2006.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,750,449, 2,919,546 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THE WORLD'S #1" AND
"TRAVEL COMPANY", APART FROM THE MARK AS SHOWN.

SER. NO. 85-815,674, FILED 1-4-2013.

ANTHONY RINKER, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

# EXHIBIT D



**Back-Roads**
TOURING.CO.UK

**THE EXPERTS IN SMALL GROUP & TAILOR-MADE TOURS**
UK & EUROPE

Call: 877 3304850

Type in your Search...

✓Maximum Group Size of 18    ✓Scenic Back Roads Not Freeways

✓Authentic Local Experiences    ✓Leisurely Paced Itineraries

✓Charming Local Accommodation    ✓Culinary Experiences



## Tour Search

**TOUR DURATION:**
Any Length

**TOUR DESTINATION:**
Any Destination

**TOUR TYPE:**
Any Type

**TOUR DEPARTING:**
Jul 30 2015 - Oct 19 2016

SEARCH

Back-Roads Touring are experts in small group and tailormade touring holidays. We are proud to offer a unique range of fascinating and leisurely regional tours throughout the UK and Europe.

We believe that it is important for you to understand that we do things differently to most tour companies. And, there is more to our itineraries than simply taking passengers to the important sights and major cities. With our small group size you will experience specially selected accommodation loaded with charm and home comforts. You will dine with the locals in their restaurants, meet traditional producers and mingle

with those characters who so en-rich the heritage of local communities. We call this the Back-Roads Difference.

## Featured Tour



This lovely tour takes in the north west of France which is rich in culture, cuisine and fine wines, magnificent architecture, breath-taking scenery and stunning chateaux. Expl...

**9 Days   US$2784**
PP (From)
Was US$3275

## Destinations





**View Tours ➤**

### Along the Back-Roads

We believe that the journey is just as important as the destination. On our small group coach tours we travel at a leisurely pace along the beautiful back roads, enjoying spectacular scenery and exploring hidden gems along the way.



**View Tours ➤**

### Battlefields by Back-Roads

We have been operating WWI and WWII tours in Western Europe for over 20 years. Led by expert battlefield tour leaders and operating with small groups only, our tours offer a truly personal experience.



**View Tours ➤**

### Charming Waterways

We are delighted to introduce Charming Waterways - our new leisurely-paced water-based touring series which is dedicated to offering our guests more opportunities to travel in the Back-Roads style on exclusively chartered vessels.





Back-Roads Touring Company Ltd is registered in England and Wales / Scotland with registered number 02473373 and Vat number GB538617520. Registered Head Office Level 1, 107 Power Road, London, W4 5PY
Privacy Policy    Booking Conditions    Home